UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAHID RIZWAN<br>6127 Chicory Dr.<br>Fort Wayne, IN  46835<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>STEAK N SHAKE , INC.<br><br>　　Statutory Agent:<br><br>　　Corporation Service Company<br>　　135 North Pennsylvania St., Ste 1610<br>　　Indianapolis, IN, 46204<br><br>　　　Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Shahid Rizwan, by and through counsel, and for a Complaint against Steak N Shake, Inc., states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.
3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in or around Fort Wayne, Indiana, within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Indiana.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was an Indiana corporation that conducted business in Indiana.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

11. Plaintiff was employed by Defendant, a retail restaurant establishment, from approximately August 2017 to May 2019.

12. Plaintiff held the positions of "manager" and "restaurant manager" during his employment with Defendant.

13. Plaintiff worked for Defendant at its Coldwater Rd. location in Fort Wayne, IN from approximately August 2017 to August 2018 as a manager, and from August 2018 to approximately October 2018 as a Restaurant Manager (RM).

14. Plaintiff averaged approximately 60-65 hours of work per week at the Coldwater Rd. location during the entire period he worked at that location.

15. Plaintiff also worked as a RM at the Illinois Rd. location in Fort Wayne from approximately October 2018 to April 2019, averaging approximately 65 hours per week.

16. Plaintiff worked at the Meijer Dr. location in Fort Wayne as a RM from approximately April 2019 to May 2019, averaging approximately 55 hours per week.

17. Defendant paid Plaintiff a salary wage and classified him as "exempt" from the FLSA's overtime requirements during his entire employment with Defendant.

18. As a manager and as a restaurant manager, Plaintiff's primary duty was not management, nor was it managing a customarily recognized department or subdivision of Defendant.

19. As a manager and as a restaurant manager, Plaintiff worked over 40 hours per week, but Defendant failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

20. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

21. Plaintiff worked approximately 2200 hours of overtime for which he was not compensated while employed by Defendant over the course of approximately 22 months.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

24. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

25. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received overtime due to him pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Samuel L. Bolinger
Samuel L. Bolinger (10786-98)
803 South Calhoun Street, Suite 300
Fort Wayne, IN  46802
Phone: (260) 407-0040
Fax: (260) 407-0039
mark@slblawfirm.org
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Samuel L. Bolinger
Attorney for Plaintiff