UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SHAHID RIZWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CV-493-HAB |
| | ) | |
| STEAK N SHAKE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant, for the second time, has moved to seal the settlement documents in the Fair Labor Standards Act ("FLSA") case. (ECF No. 53). The Court, having reviewed the settlement documents, finds nothing that would warrant concealing the terms from the public. The motion will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case presents a routine FLSA complaint. Plaintiff alleges that Defendant failed to pay him one and one-half times his regular pay rate for hours worked over forty hours per week. He also alleges that Defendant retaliated against him for the filing of this case by refusing to give him a promotion. (*See*, *generally*, ECF No. 28).

Following discovery, the parties reached a settlement. (ECF No. 47). Defendant then moved to seal the settlement documents (ECF No. 49) and a motion to approve the settlement (ECF No. 50). The motion to seal was denied without prejudice to refiling because Defendant had failed to provide the Court with a copy of the settlement documents (ECF No. 51). Defendant has corrected that error (ECF No. 54) and again moves the Court to seal those documents.

## II.      Legal Analysis

As Defendant correctly notes, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Defendant raises several arguments to overcome this presumption. Each argument fails.

First, relying on *Swarthout v. Ryla Teleservices, Inc.*, 4:11-CV-21-PRC, 2012 WL 5361765 (N.D. Ind. Oct. 30, 2012), Defendant argues that the documents should be sealed because they contain a confidentiality clause that was "a material inducement for one or more of the Parties to agree to the overall terms of the settlement." (ECF No. 53 at 3). Of course, *Swarthout* is not binding on this Court as an unpublished, district court opinion. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). And even its persuasive value is effectively nil following Judge Posner's decision in *Goesel*.

In *Goesel*, the parties agreed to settle a personal injury suit but, because it involved a minor plaintiff, judicial approval was required. The parties asked the district court to seal the settlement documents and he agreed. The district court approved the settlement but reduced the amount payable to the plaintiffs' law firm and increased the amounts payable to the plaintiffs. The law firm appealed and, as part of that appeal, asked the Seventh Circuit to maintain the settlement documents under seal. *Goesel*, 738 F.3d at 832-33.

Judge Posner denied the request. He observed that, when no judicial approval of a settlement is required, "there will rarely be a good reason to require that its terms be made public." *Id*. at 834. That calculus changes where judicial action is required. After reviewing the pros and cons of settlement secrecy, Judge Posner concluded that, in cases such as this, "it's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their

settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access to judicial records." *Id*. at 835. Judge Posner then rejected Defendant's argument here, that a confidentiality clause will suffice, stating, "because there is potential public value to disclosing settlement terms, including amount, parties *have* to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason." *Id*. So much for *Swarthout*.

Defendant next argues that sealing the settlement documents "furthers several important interests, including encouraging settlement, conserving judicial and litigant resources, and protecting the Parties' privacy rights." (ECF No. 53 at 3-4). Again, Judge Posner has this angle covered. "The net effects of compelled disclosure of settlement terms are deeply uncertain," he recognized. *Goesel*, 738 F.3d at 834. Settlement negotiations may become more complicated. *Id*. But at the same time, compelled disclosure may promote pre-litigation settlement and make outcomes more predictable. *Id*. Ultimately, Judge Posner concluded that the "uncertainty" in weighing the costs against the benefits supported disclosure in almost every case. *Id*. at 835.

Finally, Defendant argues that "the settlement with the Plaintiff in this case is based on Defendant's confidential business practices, which affect Defendant's ability to compete in the market and attract and retain workers as compared to their competitors." (ECF No. 53 at 4). Candidly, the Court has no idea what Defendant means in this sentence. What Defendant has submitted is a standard settlement agreement and release, not a rundown of Defendant's business model. And while it's true that allegations that Defendant fails to pay legally required wages might hurt its ability to attract and retain employees, that cat is already out of the bag. Nothing about this settlement agreement reveals Defendant's trade secrets or confidential business practices and Defendant's protestations to the contrary cannot support sealing the agreement.

**III.     Conclusion**

For these reasons, Defendant's motion for leave to file settlement documents under seal (ECF No. 53) is DENIED. The Clerk is ORDERED to unseal ECF No. 54.

SO ORDERED on June 15, 2022.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT