## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into this ____ day of May, 2022, by and between Shahid Rizwan (the "Employee") and Steak 'n Shake, Inc. ("Steak 'n Shake"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, insurers, and employees.

1. <u>Non-Admission</u>. This Agreement does not constitute an admission by Steak 'n Shake of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

2. On November 22, 2019, the Employee filed a lawsuit in the federal district court for the Northern District of Indiana, styled *Shahid Rizwan v. Steak 'n Shake, Inc.*, Case No. 1:19-cv-493, alleging claims of failure to pay overtime and retaliation under the Fair Labor Standards Act (the "Lawsuit"). The Employee and Steak N Shake desire fully and finally to resolve the Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against Steak N Shake relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

3. <u>Payment</u>. In exchange for the Employee's promises contained herein, Steak 'n Shake agrees to make the following payments to the Employee and his attorneys, The Lazzaro Law Firm, LLC, and Samuel L. Bolinger, together in the gross amount of Fifty-Five Thousand and no/100 Dollars ($55,000.00) no later than twenty (20) calendar days after: (1) the fully executed Agreement and completed W-9's using the most recent form published by the IRS are received by counsel for Steak N Shake (only if Employee does not revoke the Agreement pursuant to Paragraph 15); and (2) the Court has entered final approval of the parties' settlement and this Agreement:

   a. A check in the amount of Sixteen Thousand One Hundred Fifty Nine Dollars and 38/100s ($16,159.38) payable to the Employee, less applicable taxes and withholdings, documented on IRS Form W-2;

   b. A check in the amount of Sixteen Thousand One Hundred Fifty Nine Dollars and 37/100s ($16,159.37) payable to the Employee, documented on IRS Form 1099;

   c. A check in the amount of Fourteen Thousand Seven Hundred Ninety One Dollars and 00/100s ($14,791.00) payable to The Lazzaro Law Firm, LLC representing attorneys' fees and expenses, documented on IRS Form 1099; and

   d. A check in the amount of Seven Thousand Eight Hundred Ninety Dollars and 25/100s ($7,890.25) payable to Samuel L. Bolinger representing attorneys' fees and expenses, documented on IRS Form 1099.

The Employee and Steak 'n Shake agree that the payments constitute good and sufficient consideration for settlement of this matter, and that the Employee is not otherwise entitled to these payments. No interest shall accrue on these sums.

Exhibit 1

4.     <u>Withdrawal of Claims</u>.  The parties will file a mutually agreed upon Motion for Approval of the Settlement in an attempt to acquire Court approval of the FLSA settlement. The Employee also agrees to withdraw any other claims, charges, or complaints that the Employee has initiated or that others have initiated on the Employee's behalf against Steak N Shake in any forum. Upon the Court's approval of the parties' settlement and upon Steak 'n Shake's mailing the payments specified in Paragraph 3 to the Employee, the parties will file a stipulation of dismissal with prejudice with the Court.

5.     <u>Waiver and Release of Claims</u>.  The Employee fully, finally and forever releases and discharges Steak 'n Shake, its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, insurers, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Employee may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Employee's employment with Steak 'n Shake as of the date this Agreement is executed, including but not limited to all federal, state, civil or statutory laws, common law, contract law, or tort.  Employee knows of no claim that Employee has against Steak 'n Shake that has not been released by this paragraph.

6.     <u>Payment of Applicable Taxes</u>.  The Employee is and shall be solely responsible for all federal, state, and local taxes that may be owed by Employee by virtue of the receipt of the monetary payment provided under this Agreement.  The Employee agrees to indemnify and hold Steak 'n Shake harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to the Employee under this Agreement.

7.     <u>Non-Interference</u>.  Nothing in this Agreement shall interfere with Employee's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the Indiana Civil Rights Commission, or other federal or state regulatory or law enforcement agency.  But, the consideration provided to Employee in this Agreement shall be the sole relief provided to Employee for the claims released by Employee herein and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against Steak 'n Shake in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

8.     <u>Employee Acknowledgment</u>.  Employee admits he has received from Steak 'n Shake all rights and benefits, if any, that are potentially due to him under the Family and Medical Leave Act.

9.     <u>Reporting to Medicare</u>.  The Employee affirms and covenants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past, is not eligible for, and has not applied for or sought benefits from Medicare.   The Employee agrees to indemnify and hold Steak 'n Shake harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be asserted against Steak 'n Shake pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8) as a result of the payment described in paragraph 4 of this Agreement.

10. <u>Confidentiality and Non-Disclosure</u>. The Employee shall not disclose the fact or terms of this Agreement, or the facts and circumstances giving rise to this Agreement to anyone other than the Employee's immediate family, tax or financial advisors, or pursuant to court order or subpoena. Should the Employee disclose information about this Agreement to the Employee's immediate family or tax and financial advisors, Employee shall inform such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. The parties agree that Employee's cooperation with Steak 'n Shake in submitting documents to the Court to seek approval of the parties' settlement does not violate this Paragraph.

11. <u>No Future Employment</u>. The Employee agrees and recognizes that Employee's employment relationship has been permanently severed. The Employee understands and agrees that Employee will not be re-employed by Steak 'n Shake in the future and that Employee will never knowingly apply to Steak 'n Shake for any job or position in the future, including any position as a franchisee. The Employee agrees that if Employee knowingly or unknowingly applies for a position and is offered or accepts a position with Steak 'n Shake its subsidiaries, divisions or affiliates, including as a franchisee, the offer may be withdrawn and the Employee may be terminated without notice, cause, or legal recourse.

12. <u>Non-Disparagement and Incitement of Claims</u>. The Employee agrees that he will not make, or cause to be made, any statements concerning his employment or separation from employment that disparage, are inimical to, or damage the reputation of Steak 'n Shake. Employee also agrees that he will not encourage or incite other organizations or entities, or other current or former contractors or employees of Steak 'n Shake, to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Steak 'n Shake. This paragraph shall not prevent or preclude Employee from making truthful statements to a governmental agency or court, pursuant to a subpoena, or by other operation of law. Steak 'n Shake agrees that in the event Steak 'n Shake is contacted by another organization about Employee, when such contact is directed to Rebekah Nevin at (407)361-1902, Steak 'n Shake will only provide Employee's dates of employment and Employee's last position held with Steak 'n Shake.

13. <u>Breach</u>. Any party that breaches any term of this Agreement will be liable for any damages caused by the breach, as well as the attorneys' fees and costs incurred by the non-breaching party in enforcing this Agreement. The Court shall retain jurisdiction over this case as it relates to enforcing this Agreement.

14. <u>Employee's Acknowledgement</u>. The Employee acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Employee enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Employee also acknowledges he has (a) consulted with an attorney of his choosing concerning this Agreement and has been advised to do so by Steak 'n Shake; (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own

judgment and/or Employee's attorney's advice; and (3) been given a reasonable period of time to consider the terms of this Agreement.

15.     <u>Review and Revocation Period</u>.  The Employee understands that he is provided a period of twenty-one (21) calendar days following his receipt of this Agreement within which to consider this Agreement and to review it with an attorney of his choosing.  By his signature below, Employee agrees and covenants that he has waived this period of twenty-one (21) calendar days. For a period of seven (7) calendar days following his execution of this Agreement, Employee understands he may revoke this Agreement, personally or through his attorney by notice to Steak 'n Shake's attorney, Bonnie Martin.  If such notice is oral, either by telephone or in person, it shall be confirmed immediately in writing to Bonnie Martin, Ogletree Deakins Nash Smoak & Stewart, P.C., 111 Monument Circle, Suite 4600, Indianapolis, IN 46204.  If the Employee does not so revoke this Agreement within seven (7) calendar days following his execution of the Agreement, this Agreement shall become effective on the eighth (8th) calendar day following Employee's execution of this Agreement with respect to his waiver and release of claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), but this Agreement shall be effective immediately with respect to waiver and release of all other claims on the date the Agreement is signed by Employee ("Effective Date"). The Employee further acknowledges that he has requested and received from Steak 'n Shake any information that Employee believes is needed to make a knowing and voluntary release of all claims, including claims of age discrimination under the ADEA.

SHAHID RIZWAN                                              STEAK 'N SHAKE, INC.

_____        By: _____

Date:_____        Title:_____

                                                                     Date_____