UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAHID RIZWAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:19-CV-493-HAB |
| STEAK N SHAKE, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff sued Defendant alleging that he was owed overtime wages. After two and a half years, the parties agreed to a settlement. Now before the Court is a motion to approve that settlement. (ECF No. 57).

**I.    Factual and Procedural Background**

Plaintiff filed his suit under the Fair Labor Standards Act ("FLSA") in November 2019. He alleged that, from August 2017 through May 2019, he was employed as a manager or restaurant manager by Defendant. Plaintiff was considered an "exempt" employee, so he was not paid overtime compensation for hours worked more than 40 hours per week. Plaintiff alleged that, over the course of his employment, he worked 2,200 uncompensated overtime hours. He claimed that this violated the FLSA and sought back pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. (ECF No. 1).

Defendant filed its answer in February 2020. Defendant admitted that it employed Plaintiff, but generally denied the remaining allegations. Defendant alleged twenty-two affirmative defenses, including that Plaintiff was exempt from overtime pay, that its payment decisions were

based on a written policy statement from the Wage & Hour Administrator, and that some or all of Plaintiff's claims were barred by the applicable statute of limitations.

Plaintiff amended his complaint in July 2021. The amendment added a claim of retaliation under the FLSA. Plaintiff alleged that he was passed over for two general manager positions because of this lawsuit. His overtime allegations remained the same. Defendant's answer admitted that Plaintiff did not get the general manager positions but denied that this suit had anything to do with those decisions.

In May 2022, Defendant advised the Court that the parties had settled. The parties then moved for judicial approval of the settlement and for leave to file the settlement documents under seal. The parties initial and amended motions for leave to file the settlement documents under seal were denied.

The settlement agreement (ECF No. 57-1) calls for a payment of $55,000.00 by Defendant. Around $32,000.00 of that is to go to Plaintiff, half as W-2 wages and half as 1099 payments. The remainder is earmarked for attorneys' fees. In exchange for the payment, Plaintiff agrees to dismiss this case, release Defendant from all potential claims, and agrees not to seek employment with Defendant in the future.

II.     **Legal Analysis**

"[S]tipulated settlements in a FLSA case must be approved by the Court...." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) (*quoting Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id*. (internal alteration and

quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*.

When reviewing a FLSA settlement, a court normally considers these factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund considering the best possible recovery; and (7) the range of reasonableness of the settlement fund considering all the risks of litigation. *Id*. at 995 (citing *Misiewicz*, 2010 WL 2545439, at *4).

Unfortunately, the Court has almost no information by which to judge the proposed settlement. There were no dispositive motions filed, so the only "facts" known to the Court are the those in the amended complaint. In the motion to approve, the parties advise:

> Here, the parties respectfully request that the Court approve the settlement because it is fair and reasonable. The parties have had a chance to evaluate the strengths and weaknesses of their claims and defenses and have been represented by counsel. The settlement, reached as a result of extensive discussions between the clients and their counsel, reflects a compromise of the disputed issues and evaluations by both sides of the likelihood of success in the claims and defenses and the cost of uncertainties and inconveniences of continuing litigation, trial and appeal. The overall settlement agreement reflects a reasonable compromise of issues actually in dispute. The settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

(ECF No. 57 at 3). This stream of conclusory statements does little to provide the Court the information it needs to evaluate the settlement.

The Court finds, from the information available, that it cannot approve the settlement. Applying the factors from *Burkholder*, the Court is left with more questions than answers. The case does not seem particularly complex. There is essentially one legal issue on the FLSA claim: whether Plaintiff is an exempt employee. Discovery was complete at the time of the settlement (ECF No. 42), and the dispositive motion deadline had passed (ECF No. 40), so future litigation activities would have been limited to trial. The Court has no ability to evaluate the risk of establishing liability or damages. The Court assumes that Defendant, a nationwide restaurant chain, could afford to pay a larger judgment. Most importantly, with nothing other than the pleadings, the Court cannot evaluate the reasonableness of the settlement considering the best possible recovery or the risks of litigation.

The lack of information provided by the parties distinguishes this case from *Koch v. Jerry W. Bailey Trucking, Inc.*, 2021 WL 542366 (N.D. Ind. Jan. 26, 2021), a case cited by the parties where this Court approved an FLSA settlement. In *Koch*, there had been considerable briefing on the merits. The case was certified as a class action and then de-certified, each ruling requiring briefing from the parties. *Id*. at *1. There were then cross-motions for summary judgment that led to a finding that the employer had violated the FLSA. *Id*. The Court, then, understood the factual and legal issues at play in *Koch*. The Court could meaningfully evaluate the proposed settlement with a view to the risks and expenses faced by the parties. The Court cannot do that here.

For these reasons, the Court DENIES the Amended Joint Motion to Approve Settlement of FLSA Complaint (ECF No. 57) without prejudice to refiling. Any future motion to approve the

settlement should provide the Court with the information necessary to evaluate the settlement under the factors set forth in *Burkholder*.

SO ORDERED on June 28, 2022.

                                                   s/ Holly A. Brady
                                                   JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT