UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAHID RIZWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-493-HAB |
| | ) |
| STEAK N SHAKE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the parties' second attempt to convince the Court to approve the settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The parties have cured the deficiencies in their prior filing, so the instant motion (ECF No. 62) will be granted.

**I.  Factual and Procedural Background**

The Court incorporates, by reference, the procedural history set out in its Opinion and Order initially denying approval for the settlement. (ECF No. 60 at 1-2). Attorney David J. Steiner has now submitted a declaration setting out additional details regarding the financial terms.

The total amount of the settlement is $55,000.00. Forty percent of the total, $22,000.00, would be allocated to attorney's fees, with an additional $681.25 allocated to litigation expenses. The remainder, $32,318.75, would be paid to Plaintiff as compensation for his FLSA claims. According to Attorney Steiner, this amount is anywhere from 50-60% of Plaintiff's maximum possible recovery, depending on the statute of limitations applied.

Despite the settlement, the parties continue to contest the merits of Plaintiff's case. Specifically, there is a dispute as to the applicability of liquidated damages, whether Plaintiff was an exempt employee under the FLSA, the number of hours Plaintiff worked, and the appropriate

look back period. Attorney Steiner represents that the settlement "provides immediate and substantial relief without the attendant risks and delay of continued litigation and appeals." (ECF No. 62-1 at 4).

**B.  Legal Discussion**

Stipulated settlements in an FLSA case for the recovery of unpaid minimum wages or unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id*. Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions

of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

With the additional information provided in Attorney Steiner's declaration, the Court is satisfied that the settlement reflects a reasonable compromise of disputed issues. Virtually every aspect of Plaintiff's claim, from liability to damages, remain contested by the parties. The only way to resolve those disputes would be lengthy summary judgment briefing or a trial. Either party could then appeal. In short, while the case has been pending for more than two years, significant litigation activities remain.

Given the procedural posture, a settlement that affords Plaintiff more than half of his best day in court strikes the Court as reasonable. The same is true for the attorney fee amount, which reflects a common contingent fee percentage and less than counsel's lodestar amount. The arm's-length settlement will be approved.

### III. Conclusion

For these reasons, the parties' Second Amended Joint Motion to Approve Settlement of FLSA Complaint (ECF No. 62) is GRANTED. The parties are ORDERED to inform the Court when all settlement documents have been properly executed so that judgment can be entered.

SO ORDERED on July 13, 2022.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT